IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

HARRY H. JOHNSON III, )
)
Plaintiff, )
)
v. ) Case No. 2:17-CV-04081-NKL
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## STIPULATION FOR COMPROMISE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release (hereinafter "Agreement") is made, entered, and herby stipulated by and between the defendant the United States of America ("United States"), which includes, without limitation, the Department of Veterans Affairs and the health care providers employed at the Harry S. Truman Memorial Veterans Hospital in Columbia, Missouri, by and through the United States Attorney for the Western District of Missouri and the plaintiff Harry H. Johnson III ("Plaintiff"), by and through his counsel.

**Whereas,** Plaintiff filed a Complaint against the United States styled <u>Harry H. Johnson III v. United States of America, et al.</u>, Case Number 2:17-CV-04081, in the United States District Court for the Western District of Missouri (the "Action"), asserting claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80, <u>et seq.</u>, alleging that doctors, nurses, and other health care providers employed by the Department of Veterans Affairs were negligent in the treatment and care provided to Plaintiff on or about July 21, 2014 and continuing thereafter; and

**Whereas,** Plaintiff and the United States have agreed to compromise and settle the claims against the United States in the Action upon the terms set forth herein; and

**Whereas,** Plaintiff is entering into this Agreement in exchange for the agreements made

**ATTACHMENT 1**

for the benefit of himself; and

**Now therefore**, in consideration of the covenants, agreements, and consideration hereinafter set forth, and intending to be legally bound, it is hereby stipulated and agreed between the United States and Plaintiff as follows:

1. **Effective Date.** This Agreement shall be effective upon its execution by Plaintiff and the United States, and the issuance of an order of the United States District Court for the Western District of Missouri which dismisses with prejudice the causes of action and claims asserted against the United States. The date of such Order shall be referred to herein as the "Effective Date."

2. **Release.** Plaintiff, on behalf of himself, and his heirs, successors, or assigns, hereby fully and forever releases, acquits, and discharges the United States, and its agents, employees, and former employees, either in their official or individual capacities, of and from any and all claims, demands, or causes of action of any kind, or description, whether known or unknown, arising directly or indirectly from any act, omission, or fault occurring before the Effective Date of this Agreement relating in any manner to the acts or omissions that gave rise to the Action; arising directly or indirectly from any act, omission, or fault occurring before the date of this Agreement in causing any injury to Plaintiff; or arising directly or indirectly from any act, omission, or fault that was asserted or could have been asserted in the Action. This release shall apply to and preclude any action for wrongful death based upon any act, omission, or fault referred to in this paragraph.

3. **Payment.** The United States agrees to pay Plaintiff the sum of eight hundred and five thousand Dollars and zero Cents ($805,000.00) ("Settlement Amount"), by electronic funds transfer to the trust account of counsel for Plaintiff, Rawls Law Group, P.C., which information

has been previously provided to the United States. Plaintiff's counsel agrees to distribute the settlement proceeds to Plaintiff. Payment of the Settlement Amount shall be in full settlement and satisfaction of any and all claims, demands, and causes of action released in this Agreement. Plaintiff shall resolve all liens, if any, from the Settlement Amount, including, but not limited to, Phelps County Regional Medical Center, the Therapy Source, and the University of Missouri Health System.

4. **Timing of Payment.** It is further understood and agreed by the parties that upon execution of this Agreement and dismissal by the Court, the United States Attorney's Office will promptly provide to the Judgment Fund, Department of the Treasury Financial Management Service, a request for payment of the Settlement Amount. Plaintiff understands and has been advised of this procedure, and Plaintiff has also been advised the receipt of funds will take at least several weeks from the date of request. Plaintiff fully understands that neither the United States Attorney's Office nor the Department of Veterans Affairs has any control over the date or timing of payment, other than to ensure prompt preparation and communication of the initial payment request.

5. **Hold Harmless and Indemnity.** Plaintiff, on behalf of himself, and his heirs, successors, or assigns, hereby holds harmless and indemnifies the United States of and against: (a) any claim by Plaintiff or Plaintiff's heirs, executors, administrators, personal representatives, or assigns that is released as to Plaintiff in this Agreement; (b) any claim for contribution, indemnity, or subrogation against the United States or its agents or employees arising from any act, omission, or fault to which this Agreement applies, which claim results from a claim or action by Plaintiff (including through any heir, executor, administrator, personal representative, or assign thereof); and (c) any claim of any lienholder or other person who asserts that all or any part of the Settlement

3

Amount should have been paid to such person because of an obligation of Plaintiff to such person.

6. **Dismissal.** Upon completion of the execution of this Agreement, the parties to the Action will file a stipulation of dismissal of the United States with prejudice.

7. **Binding Effect.** This Agreement will be binding on any heirs, executors, administrators, personal representatives, or assigns of Plaintiff. The person signing this Agreement warrants and represents that he/she possesses full authority to bind the person on whose behalf he/she is signing to the terms of the settlement. In the event Plaintiff is a legally incompetent adult, Plaintiff must obtain Court approval of the settlement at his expense. Plaintiff agrees to obtain such approval in a timely manner; time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such Court approval, the entire Agreement is null and void.

8. **No Admission of Liability.** This Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, the Department of Veterans Affairs, or any of its agents, servants, or employees. This Agreement is entered into for the purpose of compromising disputed claims asserted against the United States under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation. Furthermore, none of the terms of this Agreement may be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Agreement.

9. **No Representation Regarding Tax Consequences.** Plaintiff acknowledges that neither the United States nor its attorneys have made any representations regarding the tax consequences of this Agreement, and that in entering into this Agreement, Plaintiff has not relied

4

on any representation of the United States or its attorneys except those representations herein.

10. **Public Disclosure.** The parties agree that this Agreement, including all of its terms and conditions and any additional agreements between Plaintiff and the United States relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

11. **Attorney's Fees.** It is also understood by and among the parties that, pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with the claims asserted against the United States and this Agreement shall not exceed 25% of the Settlement Amount. The United States will not be liable to pay Plaintiff or Plaintiff's attorneys any sum separate from the Settlement Amount for any fees or expenses incurred.

12. **Costs and Fees.** It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees or costs owed by Plaintiff will be paid out of the Settlement Amount and not in addition thereto. Each party will pay the charges of its own expert witnesses and any other costs incurred by that party.

13. **Counterparts.** It is also agreed, by and among the parties, that this Agreement may be executed in several counterparts, with a separate signature page for Plaintiff. All such counterparts and signature pages, together, shall be deemed to be one document.

14. **Merger Clause.** This Agreement contains the entire agreement among Plaintiff and the United States, and Plaintiff acknowledges and agrees that no promise or representation not contained in this Agreement has been made to Plaintiff, and further acknowledges and represents that this Agreement contains the entire understanding among Plaintiff and the United States, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not

5

Case 2:17-cv-04081-NKL   Document 20-1   Filed 11/20/17   Page 5 of 8

contained herein shall be recognized or enforced. This Agreement does not reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the Action and to resolve it without the time and expense of further litigation.

15. **Amendments.** This Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any of its provisions be waived other than by a written waiver, signed by the parties.

16. **Consultation with Counsel.** Plaintiff acknowledges that Plaintiff: (a) consulted with counsel before executing this Agreement; (b) has been afforded a reasonable time to consider this Agreement before executing it; (c) is of sound mind and able to understand the provisions of this Agreement; (d) has read and understood its provisions; and (e) has executed the same knowingly, voluntarily, and of Plaintiff's own free will.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

```
                                        _____
                                        Plaintiff Harry H. Johnson III
```

State of _____    )
                           ) ss.
County of _____   )

On this _____ day of _____, 2017, before me personally appeared Harry H. Johnson III, to me known to be the person who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

```
                                        _____
                                        NOTARY PUBLIC
```

My Commission Expires:

```
_____
            (SEAL)
```

7

Agreement approved and fee and expense provisions agreed to:

Date: 11/14/17

By: _____
Brewster S. Rawls – VSB No. 23604
Rachel P. Maryan – VSB No. 86092
Rawls Law Group, P.C.
211 Rocketts Way, Suite 100
Richmond, VA 23231
(804) 344-0038
(804) 782-0133 – Facsimile
brawls@rawlslawgroup.com
rmaryan@rawlslawgroup.com

Tim Van Ronzelen – MO No. 44382
Cook, Vetter, Doerhoff & Landwehr, P.C.
231 Madison Street
Jefferson City, MO 65101
(573) 635-7977 ext. 110
(573) 635-7414 – Facsimile
tvanronzelen@cvdl.net

ATTORNEYS FOR PLAINTIFF


Thomas M. Larson
Acting United States Attorney

Date: 11/20/2017

By: _____
Matthew N. Sparks, MO No. 63260
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
E-mail: matt.sparks@usdoj.gov
ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

8